No. 796

MULLIN v. COLE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5593. Decided April 13, 1925

677. JUDGMENTS AND DECREES—Maker of cognovit note cannot take judgment by confession against co-maker where by the language of the note, that right is confined solely to the payee.

SULLIVAN, J.

J. W. Mullin filed a motion to vacate the judgment upon a first cause of action in the Cuyahoga Common Pleas, the basis of which action was a cognovit note. The note was executed by the Mt. Vernon Foundry and Engineering Co. to the Knox County Savings Co. and signed by Mullin, treasurer of the Foundry Co. and Robert and Pearl Cole as co-makers.

The indorsement showed the note was paid by Robert Cole it being indorsed as follows: "Pay to Robert S. Cole or order without recourse." Cole took judgment against Mullin on the note so assigned. The Common Pleas overruled Mullin's motion and error was prosecuted. The Court of Appeals held:

1. The note having been paid it could not become the basis for full recovery thereon, but could only be used in an evidential character in a suit for contribution against the other joint makers of the note.

2. Savings Bank only had the right to judgment by confession, and Cole as co-maker had no such right.

3. It is claimed that this court has no right to presume from the record that one of the makers, Robert Cole, is identical with the plaintiff below. While this is true, it is clear, from the record, that there is an inference which is just as evidential as positive evidence that the parties are one in identity. Judgment

of lower court reversed and hereby awarded to Mullin.

Attorneys—F. O. Levering for Miller; B. E. Sapp and Robert L. Carr for Cole; all of Mt. Vernon.

---

No. 797

WARD BAKING CO. v. LANDIS et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1383. Decided July 24, 1925

631. INDUSTRIAL COMMISSION—Award by, of no vitality until reduced to judgment.

BY THE COURT.

The Ward Baking Co. prosecuted error to an award granted to Mary and Richard Landis by the Industrial Commission, to the Franklin Common Pleas. That court dismissed the petition for want of jurisdiction and error was prosecuted to the Court of Appeals.

The Company is self insuring and the award had been made for the death of an employee. The only question raised is whether error can be prosecuted for such an award. It was claimed by the Company that the suit provided for on the award may not be brought promptly and may involve a 50% penalty, and that remedy is therefore not added. The Court of Appeals held:

1. The determination of this question involves consideration of statutes governing awards by the commission and while it is true that they provide that the award shall be final, yet, that relates particularly to the amount thereof.

2. The Industrial Commission statute provides for a review of the award by a proceeding in court. Until that review is had and final judgment rendered, the award itself is not a judgment or final order within the meaning of 12241 GC.

3. So far as the fact is concerned, that the suit on the award may not be brought promptly, the company would not be prejudiced for the award itself is of no vitality until it is reduced to a judgment.

4. The 50% penalty is also a question for consideration of the court in the action brought upon the award. The company's remedy therefore would be to contest the validity of the penalty in the proceeding expressly authorized by statute.

Judgment in dismissing the petition affirmed.

Attorneys—Williams & Nash for Company; M. A. Coughlin for Landis and R. L. Zurmehly for Commission; all of Columbus.