**RECHTINE v WEIS**

Common Pleas Court, Putnam Co

Decided July 23, 1937

Unverferth & Unverferth, Ottawa, for plaintiff.

John T. DeFord, Ottawa, for defendant.

## OPINION

By SLAYBAUGH, J.

This matter was heard on July 2, 1937 on a motion filed by the defendant to set aside and vacate a judgment rendered May 19, 1937 by this court on note and warrant of attorney for $318.82.

The grounds of said motion are:

1. For fraud practiced by the plaintiff in obtaining such judgment.

2. For taking judgment against the defendant upon a warrant of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

The matter was submitted on the pleadings, evidence and briefs of counsel.

The principal ground advanced by defendant for granting of the motion is, that the plaintiff was one of the signers of the note and was surety on the same and could not by reason thereof be the legal holder of said note contemplated by the provisions of the warrant of attorney.

The facts in the case are substantially as follows:

On May 3, 1932 the defendant Tony Weis borrowed from The Bank of Ottawa Company of Ottawa, Ohio the sum of $300.00 and delivered to said bank his promissory note of that date due in six months after date which note was signed by the plaintiff, Theresia Rechtine as surety, the defendant, Tony Weis receiving the full amount of money so borrowed by him.

That said bank closed its doors on November 28, 1932, and was taken over for liquidation by the superintendent of banks of the state of Ohio.

That at the time said bank was taken over by said superintendent, the plaintiff Theresia Rechtine had on deposit therein the sum of $3,700.

That she presented her claim against said bank for the $3,700 which was allowed, but her request for set-off was refused until about May 19, 1937.

That prior to said May 19, 1937 she had received a dividend of 6% on her claim of $3,700 which included the sum of $18.82 dividend on the $300 note and interest. That on said May 19, 1937 the superintendent of banks notified her and Tony Weis that he would allow her a set-off to the amount of said note and interest in the sum of $313.61 and deliver her the said $300 note providing she would return to said superintendent the sum of $18.82

representing the 6% dividend paid to her on the said sum of $313.61. That on said date May 19, 1937 plaintiff paid to said superintendent of banks the sum of $18.82 received credit on her $3,700 claim and the superintendent of banks endorsed said $300 note as follows: "Without recourse, S. H. Squire, superintendent of banks, by L. G. Tatman, special agent," and delivered to plaintiff said note in the presence of said defendant, Tony Weis.

That the warrant of attorney on said note is in the words and figures following to-wit:

"And we do hereby authorize and empower any attorney at law in the state of Ohio or elsewhere in our names and behalf, or in the name and behalf of any or either of us, to appear before any court of record in said state of Ohio or elsewhere, at any time after this obligation becomes due, in an action thereon, and waive process and service thereof, and without notice, confess judgment against us, or any or either of us, in favor of the payee or the legal holder, endorsee, or assignee of the said note, against us or any or either of us, for the amount that may appear to be due thereon, for principal and interest, damages and costs of suit, and to waive and release all errors in the judgment so confessed, and all petitions in error, and to waive, and release all right and benefit of appeal, and any and all proceedings to set aside, vacate, open, suspend, stay or reverse such judgment, or any execution issued for the collection thereof."

That thereupon Theresia Rechtine filed her petition for a judgment on said note alleging that she was the legal holder and endorsee of said note, and C. W. Fawcett an attorney at law by authority of said warrant of attorney entered the appearance of the defendant, Tony Weis waived the issuing and service of process therein and confessed a judgment against said defendant for the sum of $318.82 and costs of suit. And the court entered judgment accordingly.

Hence, the first and primary question for the court is, whether the plaintiff, a co-signer of said note as surety, can be the legal holder of said note and under authority granted in the warrant of attorney secure a judgment by confession as was done in this case.

We think the matter can be settled by the provisions of the Negotiable Instruments Act, §8106 et seq., GC.

"What constitutes negotiations. §8135 GC, provides that,

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferree the holder thereof. If payable to bearer it is negotiated by delivery. If payable to order it is negotiated by the endorsement of the holder completed by delivery."

INDORSEMENT HOW MADE, §8136 GC, provides that,

"The indorsement must be written on the instrument itself, or upon a paper attached to it. The signature of the indorser without additional words is a sufficient indorsement."

KINDS OF INDORSEMENTS: §8138, GC, provides that,

"An indorsement may be either special or in blank; and also be either restrictive or qualified or conditional."

SPECIAL INDORSEMENT. Indorsement in blank. §8139 GC, provides that,

"A special indorsement specified the person to whom, or to whose order, the instrument is to be payable. The indorsement of such indorsee is necessary to the further negotiation of the instrument. An indorsement in blank specifies no indorsee, and an instrument so indorsed is payable to bearer, and may be negotiated by delivery."

QUALIFIED INDORSEMENT. §8143 GC, provides that,

"A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without recourse,' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument."

CONTINUATION OF NEGOTIABLE CHARACTER. §8152 GC, provides that,

"An instrument negotiable in its origin continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise."

RIGHTS OF HOLDER TO SUE: PAYMENT. §8156 GC, provides that,

"The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." Affirmed: **Independent Coal Co v Bank, 6 C. C. (N.S.) 225, 74 Oh St 463; Kernohan v Manss, 53 Oh St 134.**

LIABILITY OF MAKER. §8165 GC, provides that,

"By making it, the maker of a negotiable instrument engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse."

The defendant in his brief argues that plaintiff's right is either for contribution or indemnity. The court cannot see how plaintiff would be entitled to contribution under the law, and so holds. 9 O Jur 662; §§1, 2, 3 and 4 and notes.

The defendant in his brief also contends that plaintiff must sue in a court of equity on the theory of indemnity. There is no question in the court's mind but that plaintiff could maintain such a suit, but the court feels that such a right is not exclusive of any other right plaintiff as surety may have in a court of law.

Plaintiff has elected to sue this note in a court of law under authority of the warrant of attorney contained in said note, and the question before the court primarily is, whether plaintiff has such right, and the court holds that any defense that might be made by the defendant to an action for indemnity is not available to him in the case at bar.

A warrant of attorney attached to a note or bill, made payable to the payee or order, authorizing a judgment to be confessed "in favor of the legal holder" thereof does not authorize a confession of judgment on such note in favor of the owner and holder thereof, without an indorsement thereon by the payee transferring the legal title to such owner and holder of the note. **Cushman v Welsh, 19 Oh St 536.**

Conversely then this holding by the court would indicate that if the note had been indorsed as the one was in the case at bar, the plaintiff would be the legal holder.

A provision authorizing a confession of judgment in favor of the holder authorizes confession in favor of the true holder of such note, who acquires the same by indorsement or delivery in such a way as to be legal owner thereof. **Watson v Paine, 25 Oh St 340; Simmons v Brown, 4 Dec. Rep. 29; Clements v Hull, 35 Oh St 141; Packer v Davis, 11 O. D. 801.**

Maker of cognovit note can not take judgment by confession against co-maker where, by language of the note, that right is confined solely to the payee. **Mullin v Cole, 3 Abs 576.**

Conversely interpreted, judgment could be taken if language of warrant of attorney does not so confine.

Upon the question of whether a surety who has paid the debt and been subrogated to the creditors' rights against the principal can enforce against the latter the bond, note, or other instrument on which the surety is directly liable, the authorities are not in harmony. In Ohio, it is held that a surety who has paid a note or other security without taking an assignment from the creditor may not sue upon it directly in an action at law, as such a view conflicts both with principle and with the doctrine declared by the courts of the state, that payment without assignment extinguishes the security at law, regardless of its nature.

If, however, there is an assignment to him by the creditor, the surety has by the concurrent acts of himself and the creditor become vested with the legal title to the security and may sue thereon in his own name without the necessity of an appeal to equity. **38 O Jur, p 274, §23;** Zuellig v Hemerlie, 60 L. S. 27, See page 34 of opinion; Hill v King, 48 Oh St 75, see page 80 of opinion.

The court therefore finds that plaintiff was surety only on the note in question in this case.

That plaintiff is the legal holder of said note.

That the warrant of attorney authorized a confession of judgment in her favor against Tony Weis the principal for the sum of $313.61.

That plaintiff be required to remit $5.21 of the judgment in this case instanter.

That the motion to set aside and vacate said judgment be and the same is hereby overruled.